ORIGINAL

CARLSMITH BALL LLP

ROBERT D. TRIANTOS                2549-0
EDMUND W.K. HAITSUKA              6915-0
75-1000 Henry Street, Suite 209
P.O. Box 1720
Kailua-Kona, HI 96745-1720
Tel No. 808-329-6464
Fax No. 808-329-9450
rtriantos@carlsmith.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 15 2008
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
RSI CORP., dba
RESPONSIVE SYSTEMS COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20,<br><br>Defendants. | CASE NO.<br>(Contract) CV08 00066JMSBMK<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COMES NOW Plaintiff RSI CORP., dba RESPONSIVE SYSTEMS

COMPANY, a New Jersey corporation, by and through its attorneys, Carlsmith

ORIGINAL

Ball LLP, for cause of action and complaint against the above-named defendants, alleges and avers as follows:

1.      Plaintiff RSI CORP., dba RESPONSIVE SYSTEMS COMPANY ("Plaintiff") is a New Jersey corporation whose principal officer and director is a resident of the State of New Jersey.

2.      Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION ("Defendant IBM") is a corporation doing business in the State of Hawaii.

3.      DOE DEFENDANTS 1-20 ("DOE Defendants") are persons or entities who, in some way unknown to Plaintiff, claim or contend to have an interest in the subject matter of this litigation, have or might have caused or contributed to the injury or damages to Plaintiff as set forth herein or who may be liable to Plaintiff for said injuries or damages and whose names, identities and capacities are presently unknown to Plaintiff.  Plaintiff will identify such DOE Defendants when and if their names and capacities are ascertained.

4.      Plaintiff, as part of its business operations, creates software for use in main frame computers and contracts to have software created for it for its main frame computers.

5.    Plaintiff created a "Buffer Pool Tool" as part of its software products and licensed the same to Defendant IBM to remarket the same as part of its products offered for sale to IBM customers.

6.    Plaintiff and Defendant IBM entered into that certain license agreement entitled IBM Developer Agreement and Statement No. STL 97041 dated June 23, 1997 ("Agreement") under which Defendant IBM was allowed to remarket the "Buffer Pool Tool."

7.    Plaintiff and Defendant IBM entered into that certain license agreement entitled IBM Developer Agreement and Statement No. STL 97051 dated April 21, 1998 ("Second Agreement") under which Defendant IBM was allowed to remarket the "Buffer Pool Tool."

8.    Pursuant to such Agreement, and others entered into between the parties, Defendant IBM was to pay to Plaintiff certain royalties for the product created by Plaintiff and licensed to Defendant IBM.

9.    Defendant IBM failed to pay the license fees due to Plaintiff as set forth in the Agreement and other agreements between the parties.  When Plaintiff sought to seek audits as provided for in the Agreement IBM failed and refused to provide the necessary documents for a proper audit.

10.    Upon information and belief, Defendant IBM constructed its own "Buffer Pool Analyzer" to assist in the operation of its computers and in the

operation of its data processing systems and told Plaintiff that it had discontinued the remarketing of said Buffer Pool Tool with its customers.

11.    On or about the year 2004, Plaintiff discovered for the first time certain of the customers of Defendant IBM continued to utilize the Buffer Pool Tool in violation of any contract that the parties had, in violation of any licensing agreement, and as a usurpation and infringement of the rights of Plaintiff in the products it creates.

12.    On or about 2006, Plaintiff discovered for the first time that IBM was infringing upon materials copyrighted by Plaintiff in its manuals for the Buffer Pool Analyzer.

## COUNT I
### (Breach of Contract - Agreement)

13.    The allegations and averments contained in paragraphs 1 through 12 above are realleged and incorporated by reference herein.

14.    Plaintiff performed all of the obligations of Plaintiff required under the Agreement.

15.    Defendant IBM utilized, or allowed its customers to utilize or to continue to utilize, in violation of the Agreement, the "Buffer Pool Tool" created by Plaintiff without compensation or other payment to Plaintiff.

16.    The terms and conditions of said Agreement were legally binding on Defendant IBM.

17.    Defendant IBM materially breached the Agreement by failing and refusing to perform its obligations thereunder and failing to allow a proper audit of the records of the company.

18.    As a direct and proximate result of Defendant IBM's material breach of the Agreement, Plaintiff has been damaged in an amount to be proven at trial or other hearing of this matter.

## COUNT II
### (Negligent Misrepresentation)

19.    The allegations and averments contained in paragraphs 1 through 18 above are realleged and incorporated by reference herein.

20.    Defendant IBM materially misrepresented to Plaintiff that Defendant IBM would not continue to use Plaintiff's Buffer Pool Tool in products produced by Defendant IBM or allow customers to use the product in its "bundle" of software received from IBM without compensation to Plaintiff.

21.    Defendant IBM knew or should have known that it or its customers were continuing to utilize Plaintiff's Buffer Pool Tool in its or its customers' processing system without compensation to Plaintiff.

22.     Defendant IBM knew or should have known that Plaintiff would rely on the misrepresentations.

23.     Plaintiff justifiably and reasonably relied upon Defendant IBM's misrepresentations that it would not utilize the Buffer Pool Tool in its or its customers' processing system.

24.     As a direct and proximate result of Defendant IBM's misrepresentations, Plaintiff has been damaged in an amount to be proven at the trial or other hearing of this matter.

## COUNT III
### (Intentional Misrepresentation)

25.     The allegations and averments contained in paragraphs 1 through 24 above are realleged and incorporated by reference herein.

26.     Defendant IBM materially and intentionally misrepresented to Plaintiff that Defendant IBM would not continue to use Plaintiff's Buffer Pool Tool in products produced by Defendant IBM or allow customers to use the product in its "bundle" of software received from IBM.

27.     Defendant IBM knew that it or its customers were continuing to utilize Plaintiff's Buffer Pool Tool in its or its customers' processing system without compensation to Plaintiff.

28.    Defendant IBM knew that Plaintiff would rely on the misrepresentations.

29.    Plaintiff justifiably and reasonably relied upon Defendant IBM's intentional representations that it would not utilize the Buffer Pool Tool in its or its customers' processing system.

30.    As a direct and proximate result of Defendant IBM's intentional misrepresentations, Plaintiff has been damaged in an amount to be proven at the trial or other hearing of this matter.

## COUNT IV
### (Fraud)

31.    The allegations and averments contained in paragraphs 1 through 30 above are realleged and incorporated by reference herein.

32.    Defendant IBM fraudulently, with full knowledge of its actions, continued the allowance of the use of, and allowed its customers to continue the use of, Plaintiff's Buffer Pool Tool software after the termination of the agreements.

## COUNT V
### (Breach of the Covenant of Good Faith and Fair Dealing)

33.    The allegations and averments contained in paragraphs 1 through 32 above are realleged and incorporated by reference herein.

34.     A covenant of good faith and fair dealing is implied in the terms of the contractual arrangements imposed upon Defendant IBM.

35.     By its conduct and course of dealings with Plaintiff, Defendant IBM materially breached the covenant of good faith and fair dealing.

36.     As a direct and proximate result of Defendant IBM's breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial or other hearing of this matter.

## COUNT VI
### (Conversion)

37.     The allegations and averments contained in paragraphs 1 through 36 above are realleged and incorporated by reference herein.

38.     After the termination of the Agreements Defendant IBM continued to utilize the Buffer Pool Tool software created by Plaintiff in its customers' processing systems without compensation to Plaintiff.

39.     Defendant IBM had no right or authority to use said Buffer Pool Tool without compensation to Plaintiff.

40.     Plaintiff did not consent to the use of the Buffer Pool Tool by Defendant IBM after a date certain.

41.     Plaintiff is entitled to damages in an amount to be proven in a trial on this matter or other such disposition.

# COUNT VII
## (Federal Unfair Competition)
## (15 U.S.C. § 1125(a))

42.    The allegations and averments contained in paragraphs 1 through 41 above are realleged and incorporated by reference herein.

43.    IBM has, without authorization, used in commerce Plaintiff's Buffer Pool Tool, and/or has made false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with IBM, and/or as to the origin, sponsorship, or approval of Plaintiff's goods or services, or commercial activities.

44.    IBM's acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill, as well as with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive.

45.    The foregoing conduct has confused, and is likely to confuse, the public into believing that Plaintiff's Buffer Pool Tool is inferior.

46.    Plaintiff has no plain, speedy and adequate remedy at law and is suffering irreparable injury as a result of the foregoing acts of disparagement by IBM of the Buffer Pool Tool and has caused irreparable injury to Plaintiff from loss of profits and deprivation of the goodwill associated with the product.

## COUNT VIII
### (Common Law Unfair Competition)

47.    Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 46 as if fully set forth herein.

48.    IBM's continued use of the Buffer Pool Tool in commerce constitutes unfair competition.

49.    Unless IBM is enjoined from committing these unlawful acts as set forth above, including the use of the product, Plaintiff will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law.

## COUNT IX
### (Restraint of Trade)

50.    The allegations and averments contained in paragraphs 1 through 49 above are realleged and incorporated by reference herein.

51.    Defendant IBM has made agreements, or has refused to correct known errors in software for the purpose and/or the effect of unreasonably restraining trade, commerce, and industry with respect to the supply and bundling of the software known as the Buffer Pool Tool.  The Defendants' agreements violate common law against such conduct in restraint of trade.

52.    Defendant IBM has been and is acting for the purpose, and with the effect, of unreasonably restraining trade, commerce, and industry with respect

to the processing of software. The Defendant's concerted actions violate common law against such conduct in restraint of trade.

53.    Defendant IBM's violation of common law, and the damaging effects thereof, are continuing and will continue unless enjoined.

## COUNT X
### (Unclean Hands)

54.    The allegations and averments contained in paragraphs 1 through 53 above are realleged and incorporated by reference herein.

55.    Defendant IBM's unlawful or wrongful conduct in its course of dealings with Plaintiff constitutes unclean hands which precludes it from asserting or receiving any equitable relief, remedies or defenses.

## COUNT X
### (Punitive Damages)

56.    The allegations and averments contained in paragraphs 1 through 55 above are realleged and incorporated by reference herein.

57.    Defendant IBM's actions as alleged herein were grossly negligent, reckless, wanton, oppressive and/or in conscious disregard for the consequences of such actions.

58.    As a direct and proximate result of Defendant IBM's grossly negligent, reckless, wanton and/or oppressive acts, Plaintiff is entitled to an award

of punitive damages in an amount to be determined at trial or other hearing of this matter.

WHEREFORE, Plaintiff prays for judgment against all Defendants, individually or jointly and severally, as follows:

1.    For an award of damages, including punitive damages, in an amount to be proven at trial or other hearing of this matter;

2.    For injunctive relief as prayed for herein;

3.    For Plaintiff's attorneys' fees and costs incurred in this action;

4.    For pre-judgment and post-judgment interest as allowed for by law; and

5.    For such other and further relief as this Court deems just and proper in the premises.

DATED: Kailua-Kona, Hawaii, February 12, 2008.

ROBERT D. TRIANTOS
EDMUND W.K. HAITSUKA

Attorneys for Plaintiff
RSI CORP., dba RESPONSIVE
SYSTEMS COMPANY

4852-5379-3794.1.055015-00001

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

RSI CORP., dba RESPONSIVE SYSTEMS
COMPANY, a New Jersey corporation,

V.

**SUMMONS IN A CIVIL ACTION**

INTERNATIONAL BUSINESS MACHINES
CORPORATON; and DOE DEFENDANTS 1-20,

CASE NUMBER:

TO: (Name and address of Defendant)

INTERNATIONAL BUSINESS MACHINES CORPORATION
Santa Teresa Laboratory
555 Bailey Avenue
San Jose, CA  95141

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

CARLSMITH BALL LLP
ROBERT D. TRIANTOS 2549-0
EDMUND W.K. HAITSUKA 6915-0
75-1000 Henry Street, Suite 209
P.O. Box 1720
Kailua-Kona, HI  96745-1720

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

SUE BEITIA

| CLERK | | DATE | FEB 1 5 2008 |
|---|---|---|---|

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL    $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                              *Signature of Server*

                                                    _____
                                                    *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44  (Rev. 11/04) ORIGINAL          CIVIL COVER SHEET CV08  00066 JMS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)**  County of Residence of First Listed Plaintiff   New Jersey<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)**  Attorney's (Firm Name, Address, and Telephone Number)<br>Robert D. Triantos, 75-1000 Henry Street, Ste, 209, Kailua-Kona, HI 96740; Tel. No. (808) 329-6464; Fax No. (808) 329-9450 | Attorneys (If Known)<br>Scott L. Watson, Quinn Emanuel, 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017 |

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br><br>**PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1125 and 17 U.S.C. 101, et. seq.
Brief description of cause:
Failure to pay license fees

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
02/12/2008

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____