KAWASHIMA LORUSSO & HARADA, LLP
JAMES KAWASHIMA        #1145-0
SHIRLEY M. KAWAMURA    #6978-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii  96813
Tel. No. 808-275-0300
Fax No. 808-275-0399
skawamura@klhllp.com

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
SHON MORGAN (appearing *pro hac vice*)
SCOTT L. WATSON (appearing *pro hac vice*)
VALERIE RODDY (appearing *pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Tel. No. 213-443-3000
Fax No. 213-443-3100
shonmorgan@quinnemanuel.com

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>        Plaintiff,<br><br>    vs. | **CIVIL NO. CV 08-00066 JMS/BMK**<br><br>**DEFENDANT IBM'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A); MEMORANDUM IN SUPPORT OF DEFENDANT IBM'S  MOTION TO TRANSFER VENUE TO THE NORTHERN** |

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20,<br><br>      Defendants. | DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A); LOCAL RULE 7.5(e) CERTIFICATION; DECLARATION OF MICHAEL J. HARRIS; DECLARATION OF VALERIE RODDY; EXHIBITS "A" AND "B"; CERTIFICATE OF SERVICE<br><br>Judge: Hon. J. Michael Seabright |

## DEFENDANT IBM'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)

Come now defendant International Business Machines Corporation ("IBM"), a New York corporation, by and through their attorneys, KAWASHIMA LORUSSO & HARADA LLP and QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP and move this Honorable Court for an order transferring this case to the United States District Court for the Northern District of California.

This action should be transferred for the convenience of the parties and witnesses and in the interests of justice. Defendant IBM is unaware of a single material witness in this action who resides in Hawaii, and this action lacks any contacts with Hawaii aside from the residence of plaintiff's counsel. Plaintiff RSI Corp. and its President are located in New Jersey. The contracts at issue were negotiated, executed and administered from Northern California, and plaintiff's

points of contact at IBM regarding plaintiff's allegations are located in Northern California.

This motion is made pursuant to 28 U.S.C. § 1404(a) and Rule 7 of the Local Rules of Practice for the United States District Court of Hawaii, and is based on this motion, the attached memorandum in support of this motion, the concurrently-filed declarations of Michael J. Harris and Valerie Roddy, the concurrently-filed Request for Judicial Notice and its attached exhibits, all matters of which this Court may take judicial notice, the pleadings and papers on file in this action, and such evidence and arguments as may be presented at or before the hearing on this motion.

DATED:  Honolulu, Hawaii, May 27, 2008.

_____

JAMES KAWASHIMA
SHIRLEY M. KAWAMURA
SHON MORGAN
SCOTT L. WATSON
VALERIE RODDY
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................... 1

II.  RELEVANT FACTUAL BACKGROUND ................................... 2

III. ARGUMENT ..................................................................... 6

    A.    This Action Could Have Been Brought in the Northern District of California.......................................................................... 7

    B.    The Convenience of the Parties and Witnesses Greatly Outweighs Plaintiff's Original Choice of a Distant, Unrelated Forum........................................................................... 8

        1.    The Location Where the Relevant Agreements Were Negotiated and Executed............................................. 8

        2.    Plaintiff's Choice of Forum and the Parties' Contacts with the Forum ....................................................... 9

        3.    The Cost of Litigation and Ease of Access to Sources of Proof............................................................... 10

IV.  CONCLUSION ................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Bryant v. ITT Corp.*,
   48  F. Supp. 2d 829 (N.D. Ill. 1999) ................................................................. 9

*Cont'l Grain Co. v. Barge F.B.L.-585*,
   364 U.S. 19 (1960) ........................................................................................... 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ......................................................................................... 7

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ........................................................................... 9

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ........................................................................... 8

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ........................................................................... 9

*Pac. Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ..................................................................... 10, 12

*Reiffin v. Microsoft Corp.*,
   104 F. Supp. 2d 48 (D.D.C. 2000) ................................................................. 9

*Scott v. New York Cent. R. Co.*,
   81 F. Supp. 815 (N.D. Ill. 1948) ..................................................................... 9

*Shapiro v. Bonanza Hotel Co.*,
   185 F.2d 777 (9th Cir. 1950) ........................................................................... 7

*Solomon v. Cont'l Am. Life Ins. Co.*,
   472 F.2d 1043 (3d Cir. 1973) ......................................................................... 9

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ........................................................................................... 7

*Television Events & Mktg., Inc. v. Amcon Distrib.*,
   416 F. Supp. 2d 948 (D. Haw. 2006) ............................................................. 9

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ......................................................................................... 6

## **Statutes**

15 U.S.C. § 1121(a)................................................................................................ 7

15 U.S.C. § 1125 ................................................................................................... 7

28 U.S.C. § 1331 ................................................................................................... 7

28 U.S.C. § 1332 ................................................................................................... 7

28 U.S.C. § 1367(a)............................................................................................... 7

28 U.S.C. § 1391(b)(1), (c) .................................................................................... 7

28 U.S.C. § 1404(a)............................................................................................... 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20,<br><br>                    Defendants. | **CIVIL NO. CV 08-00066 JMS/BMK**<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT IBM'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)** |

**MEMORANDUM IN SUPPORT OF DEFENDANT IBM'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)**

## I.    INTRODUCTION

This dispute has no connection to Hawaii. Plaintiff is a New Jersey corporation, and its principal party-affiliated witnesses reside there. IBM is a New York corporation that administers the licensing agreements at issue in this case from San Jose, California. Plaintiff's points of contact with IBM are in IBM's northern California offices, as are the contacts to whom plaintiff complained concerning its underlying allegations. The only apparent connection to Hawaii is that plaintiff's counsel resides there.

Although plaintiff notes that IBM does business in Hawaii (as it does in all 50 states), that fact alone does not justify venue here. The material witnesses of whom IBM is aware reside in California or New Jersey, both a transoceanic flight away from this District. Litigating this dispute in Hawaii would burden witnesses and the Court for the sole reason of the convenience of plaintiff's *counsel*, a factor that courts afford minimal (if any) weight. The added cost and inconvenience of litigating this case in a distant, unrelated forum greatly outweighs any possible reason for this District to retain it. IBM thus requests that the Court transfer this case to the United States District Court for the Northern District of California.

## II.   RELEVANT FACTUAL BACKGROUND

The Parties. Plaintiff RSI Corp., doing business as "Responsive Systems Company," is incorporated in the State of New Jersey.[1] Its principal business address is in Morganville, New Jersey.[2] Its president and principal officer and director is Joel Goldstein, a New Jersey resident.[3]

---

[1]   Business Entity Status Report for RSI Corp., attached as Exhibit A to the Declaration of Valerie Roddy, dated May 25, 2008 ("Roddy Declaration" or "Roddy Decl."); Complaint, filed February 12, 2008 ("Compl."), at ¶ 1.

[2]   Roddy Decl. Ex. A.

[3]   *Id.*; Compl. ¶ 2; RSI webpages, attached as Exhibit B to the Roddy Declaration.

Defendant IBM is a New York corporation that does business in all 50 states and around the world.[4]  IBM provides computer hardware, software, and a complete range of information technology services.[5]

IBM develops and licenses a database management product called DB2.[6] RSI developed a product called Buffer Pool Tool, which DB2 licensees can use to manage their IBM DB2 systems.[7]  In 1997, IBM and RSI entered into a series of agreements under which IBM could license the Buffer Pool Tool product to its customers as an optional feature for their DB2 software, and pay RSI royalties on those licenses.[8]  RSI retained the right to market its own RSI-branded Buffer Pool Tool.[9]  Employees in IBM's San Jose, California office have the primary responsibility for acquiring licensing rights to the software products that IBM incorporates into its DB2 system packages and for administering those licensing agreements, including the agreements with RSI.[10]

---

[4]  Declaration of Michael J. Harris, dated May 23, 2008 ("Harris Decl.") ¶ 4.

[5]  *Id.*

[6]  *Id.* ¶ 6.

[7]  *Id.*; Compl. ¶ 5.

[8]  *Id.*

[9]  *Id.*

[10]  *Id.*

The 1997 Developer Agreement.  In 1997, plaintiff RSI signed an IBM

Developer Agreement that consisted of three component documents.[11]  All three

documents were signed by RSI's president, Joel Goldstein, in Morganville, New

Jersey, and for IBM by C.F. Semones in San Jose, California.[12]  The licensing

agreement document designated "contract coordinators" responsible for

amendments and non-technical administrative matters and "technical coordinators"

responsible for technical matters relating to the contract.  Mr. Goldstein of New

Jersey was the contract and technical coordinator for RSI, while two IBM

employees in San Jose, California were designated as the contract and technical

coordinators for IBM.[13]  The Developer Agreement includes a choice of law

---

[11]   IBM Developer Agreement, Agreement No. STL97041, dated June 23,
1997, attached as Exhibit A to the Request for Judicial Notice in Support of
Defendant IBM's Motion to Dismiss or, in the Alternative, Strike, dated May 27,
2008, filed concurrently herewith ("Request for Judicial Notice" or "RJN");
Description of Licensed Work, Agreement No. STL97041, DLW No.: 001, dated
June 23, 1997, attached as Exhibit B to the Request for Judicial Notice; Statement
of Work, Agreement No. STL97041, SOW No.: 001, dated June 23, 1997, attached
as Exhibit C to the Request for Judicial Notice.

The agreements at issue are submitted as documentary evidence in support
of this motion.  True and correct copies are attached as Exhibits A-E to the Request
for Judicial Notice and authenticated by the Declaration of Michael J. Harris.
Harris Decl. ¶¶ 9-13.

[12]   RJN Ex. A at 1; RJN Ex. B at 1; RJN Ex. C at 1.

[13]   RJN Ex. B at 5-6.

provision that adopted New York substantive law.[14] There is no reference to Hawaii in any of the three contract documents.[15]

The 1998 Developer Agreement. In 1998, the parties signed additional agreements supplementing the original 1997 Developer Agreement.[16] Mr. Goldstein remained the signatory and contract coordinator for RSI.[17] Rich Beckert, in San Jose, California, signed the documents for IBM, and two other San Jose IBM employees were IBM's contract and technical coordinators.[18] These agreements also do not make any reference to Hawaii.[19]

The Alleged Breach of Contract. Plaintiff alleges IBM breached the 1997 and 1998 Developer Agreements by failing to pay all royalties due under the agreements and by refusing to provide documents to audit IBM's royalty payments.[20] Plaintiff further alleges that, although IBM told RSI it was

---

[14]  RJN Ex. A at 12 at § 13.06 ("The substantive laws of the State of New York applicable to agreements fully executed and performed in New York govern the [IBM Developer Agreement].").

[15]  *See generally* RJN Exs. A-C.

[16]  Description of Licensed Work, Agreement No. STL97041, DLW No.: 002, dated April 21, 1998, attached as Exhibit D to the Request for Judicial Notice, at 1; Statement of Work, Agreement No. STL97041, SOW No.: 002, dated April 21, 1998, attached as Exhibit E to the Request for Judicial Notice, at 1.

[17]  RJN Ex. D at 1, 5-6; RJN Ex. E at 1, 7-8.

[18]  RJN Ex. D at 1, 5-6; RJN Ex. E at 1, 7-8.

[19]  *See generally* RJN Exs. D & E.

[20]  Compl. ¶ 9.

discontinuing its remarketing of the Buffer Pool Tool, RSI discovered in 2004 that

certain IBM customers were purportedly improperly continuing to use that

software.[21]  In its complaint, RSI alleges claims for (1) breach of contract; (2)

negligent misrepresentation; (3) intentional misrepresentation; (4) fraud; (5) breach

of the covenant of good faith and fair dealing; (6) conversion; (7) unfair

competition in violation of 15 U.S.C. § 1125(a); (8) common law unfair

competition; (9) restraint of trade; (10) "unclean hands"; and (11) punitive

damages.[22]  Plaintiff includes no allegations purporting to demonstrate why Hawaii

is the appropriate forum for this dispute.

## III.   **ARGUMENT**

A district court may transfer a civil action "[f]or the convenience of parties

and witnesses [and] in the interest of justice . . . to any other district or division

where it might have been brought."  28 U.S.C. § 1404(a).  Transfer is appropriate

"to prevent the waste 'of time, energy and money' and to 'protect litigants,

witnesses and the public interest against unnecessary inconvenience and expense.'"

*Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v.*

*Barge F.B.L.-585*, 364 U.S. 19, 26-27 (1960)).  Accordingly, district courts have

---

[21]   *Id.* ¶¶ 10-11.

[22]   *Id.* ¶¶ 14-18, 20-24, 26-30, 32, 35-36, 38-41, 43-46, 48-49, 51-53, 55, 57-58.  Defendant IBM challenges the propriety of many of these claims in its concurrently-filed motion to dismiss.

wide discretion to decide transfer motions according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## A.    This Action Could Have Been Brought in the Northern District of California

A threshold requirement to transfer venue is that the action "might have been brought" in the transferee forum. 28 U.S.C. § 1404(a). To meet this requirement, the transferee court must have (1) subject matter jurisdiction; (2) proper venue; and (3) personal jurisdiction over the defendants. *See, e.g., Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777, 779-80 (9th Cir. 1950).

The Northern District of California has the same bases of jurisdiction as this Court, including diversity jurisdiction, potential federal question jurisdiction on the basis of plaintiff's Lanham Act claim (15 U.S.C. § 1125) and supplemental jurisdiction. *See, e.g.*, 15 U.S.C. § 1121(a); 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1367(a). IBM maintains offices in and does business in San Jose in the Northern District of California.[23] Venue is thus proper in the Northern District of California, and that court also has personal jurisdiction over IBM. *See, e.g.*, 28 U.S.C. § 1391(b)(1), (c); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984) (court may exercise general personal jurisdiction over

---

[23]   Harris Decl. ¶ 5.

resident defendants or where defendant's contacts with forum are substantial or

continuous and systematic). Plaintiff could have brought this action in the

Northern District of California.

**B.    The Convenience of the Parties and Witnesses Greatly Outweighs Plaintiff's Original Choice of a Distant, Unrelated Forum**

In determining whether to exercise its discretion to transfer a case to a more

appropriate venue, the Court may consider factors that include: (1) where the

relevant agreements were negotiated and executed; (2) the state most familiar with

the governing law; (3) the plaintiff's choice of forum; (4) the parties' contacts with

the forum; (5) contacts relating to the plaintiff's cause of action in the chosen

forum; (6) the difference in the cost of litigation in the two forums; (7) the

availability of compulsory process to compel attendance of unwilling nonparty

witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC*

*Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). These factors amply

demonstrate that the Northern District of California is a far more appropriate forum

for the parties, the non-party witnesses, and the interests of justice.

**1.    The Location Where the Relevant Agreements Were Negotiated and Executed**

It is undisputed that the contracts at issue were negotiated and executed by

RSI in New Jersey and by IBM in San Jose, California. No negotiations were

conducted in or from Hawaii, and no contracts were executed there. This factor weighs heavily in favor of transfer.[24]

### 2.    Plaintiff's Choice of Forum and the Parties' Contacts with the Forum

A plaintiff's choice of forum has little significance where, as here, the plaintiff does not reside there. *See, e.g., Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000) ("[S]ubstantially less deference is warranted when the forum preferred by the plaintiff is not his home forum."); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) (same).[25] That the plaintiff's choice of forum bears little or, as here, no relation to the underlying facts also warrants only minimal consideration of plaintiff's choice. *See, e.g., Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is

---

[24]    The factor of familiarity with New York law, which governs this dispute, is neutral because both districts will apply the law of a different state. Even plaintiff's tort claims did not arise in Hawaii, so this Court has no interest in applying its law to this case. *Cf. Television Events & Mktg., Inc. v. Amcon Distrib.*, 416 F. Supp. 2d 948, 970-71 (D. Haw. 2006) (declining to transfer venue where license agreements with Hawaiian plaintiff included Hawaiian choice of law provision).

[25]    Many courts have found that plaintiff's *counsel's* residence in the forum is entitled to no weight in the balancing of factors. *See, e.g., In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."); *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Scott v. New York Cent. R. Co.*, 81 F. Supp. 815, 817 (N.D. Ill. 1948).

entitled to only minimal consideration."); *Pac. Car & Foundry Co. v. Pence*, 403
F.2d 949, 954 (9th Cir. 1968) (same).

    This dispute is between companies from New Jersey and New York, some
6000 miles from Hawaii. Except for its chosen counsel, plaintiff alleges no
contacts with Hawaii. IBM's general business contacts with Hawaii bear no
relation to plaintiff's causes of action. The parties' lack of relevant contacts with
Hawaii, and plaintiff's non-resident status, negate any weight that would otherwise
be afforded to plaintiff's original choice of forum. In fact, despite a court's broad
discretion to decide motions to transfer venue, the Ninth Circuit has found it
"clearly erroneous" to refuse to transfer venue where "no contacts of any substance
with the State of Hawaii existed as to either party." *Pac. Car & Foundry Co.*, 403
F.2d at 951-52, 955. The complete absence of relevant contacts to this District
weighs strongly in favor of transfer.

### 3.    The Cost of Litigation and Ease of Access to Sources of Proof

    IBM is unaware of a single material witness or relevant document located in
Hawaii. IBM primarily administered the contracts at issue in San Jose, California.
Although discovery has not commenced, IBM expects testimony from the
following witnesses will be material to plaintiff's claims:

| Witness | Suspected Location | Predicted Area of Testimony |
|---|---|---|
| | | |

10

| Joel Goldstein | Morganville, New Jersey | Mr. Goldstein was the primary negotiator and RSI contact. He was also the primary RSI correspondent regarding requests for audits of royalty payments and complaints relating to plaintiff's allegations.[26] |
| Ivan Gelb | Marlboro, New Jersey | Mr. Gelb was RSI's designated auditor of IBM's royalty payments.[27] |
| Tom Ramey | San Jose, California | Mr. Ramey was Mr. Goldstein's primary contact at IBM when he demanded royalty payment audits and threatened litigation. Mr. Ramey is also very familiar with IBM's investigation into Mr. Goldstein's complaints.[28] |
| Mike Harris | San Jose, California | Mr. Harris is an IBM contract negotiator involved with the procurement of custom software products like RSI's Buffer Pool Tool. Along with Mr. Ramey, Mr. Harris investigated Mr. Goldstein's complaints.[29] |
| Sarah Karger | San Jose, California | Ms. Karger was a Business Executive for DB2 Tools at IBM. Ms. Karger was closely involved in administration of the IBM-RSI relationship and in responding to RSI's audit requests.[30] |

Not one of these material witnesses lives in Hawaii. At least three reside in

Northern California. The other remaining witnesses are in New Jersey, far closer

---

[26] *See, e.g.*, RJN Exs. A-E; Harris Decl. ¶ 8(a).

[27] *Id.* ¶ 8(b).

[28] *Id.* ¶ 8(c).

[29] *Id.* ¶¶ 5, 7.

[30] *Id.* ¶ 8(d).

to northern California than Hawaii.[31]  The additional travel time to Hawaii—
requiring a transoceanic flight for every potential witness known to IBM—would
make trial significantly more expensive and the scheduling of trial witnesses more
difficult and disruptive to their personal and business schedules.  This fact weighs
heavily in favor of transfer.  *Pac. Car & Foundry Co.*, 403 F.2d at 953 (that
"[m]any witnesses, including several members of petitioner's corporate staff,
would have to travel from the mainland to Hawaii in order to give testimony with
consequent disruption" of petitioner's business constituted "a strong showing of
inconvenience").

    This case lacks a single meaningful connection with Hawaii, and the
Northern District of California will provide a more convenient and less expensive
forum.  Transfer is compelled where no reason exists to retain a case and
overwhelming reasons warrant transfer.

---

[31]  Because many material witnesses are party employees, the availability of
compulsory process is unlikely to be essential to the resolution of this case.  Thus,
this factor is neutral here.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, IBM respectfully requests that the Court transfer this matter to the United States District Court for the Northern District of California.

DATED:  Honolulu, Hawaii, May 27, 2008.

_____
JAMES KAWASHIMA
SHIRLEY M. KAWAMURA
SHON MORGAN
SCOTT L. WATSON
VALERIE RODDY
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20,<br><br>        Defendants. | **CIVIL NO. CV 08-00066 JMS/BMK**<br><br>**LOCAL RULE 7.5(e) CERTIFICATION** |

## LOCAL RULE 7.5(e) CERTIFICATION

According to the word-count function of the undersigned's word processing program (Microsoft Word 2003), the foregoing Memorandum in Support of Defendant IBM's Motion to Transfer Venue To The Northern District Of California Pursuant To 28 U.S.C. § 1404(A) contains a total of 2,686 words, excluding this certification and tables of authorities and contents.

DATED: Honolulu, Hawaii, May 27, 2008.

_____
JAMES KAWASHIMA
SHIRLEY M. KAWAMURA
SHON MORGAN
SCOTT L. WATSON
VALERIE RODDY
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

KAWASHIMA LORUSSO & HARADA, LLP
   JAMES KAWASHIMA        #1145-0
   jkawashima@klhllp.com
   SHIRLEY M. KAWAMURA     #6978-0
   skawamura@klhllp.com
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Tel. No. 808-275-0300
Fax No. 808-275-0399

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   SHON MORGAN (appearing *pro hac vice*)
   shonmorgan@quinnemanuel.com
   SCOTT L. WATSON (appearing *pro hac vice*)
   scottwatson@quinnemanuel.com
   VALERIE RODDY (appearing *pro hac vice*)
   valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel. No. 213-443-3000
Fax No. 213-443-3100

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation, <br><br>         Plaintiff, <br><br> vs. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20, <br>         Defendants. | **CIVIL NO. CV 08-00066 JMS/BMK** <br><br><br> **DECLARATION OF MICHAEL J. HARRIS** |

## DECLARATION OF MICHAEL J. HARRIS

I, Michael J. Harris, declare as follows:

1.     I am a Contract Administrator and Team Lead, Custom Software
Procurement for International Business Machines Corporation ("IBM"), a party in
the above-entitled action.  I make this declaration of personal, firsthand
knowledge, unless otherwise indicated herein, and if called and sworn as a witness,
I could and would testify competently thereto.

2.     This Declaration is made in lieu of an affidavit pursuant to Local Rule
7.6, Rules of the United States District Court for the District of Hawaii, as
amended.

3.     I make this Declaration in support of Defendant IBM's Motion to
Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. §
1404(a) and in support of the Request for Judicial Notice in Support of (1)
Defendant International Business Machines Corporation's Motion to Transfer
Venue and (2) Defendant International Business Machines Corporation's Motion to
Dismiss or, in the Alternative, Strike ("Request for Judicial Notice"), filed
concurrently herewith.

4.     IBM is a New York corporation that does business in all 50 states and
around the world.  IBM manufactures, designs and provides business computer
hardware, software, and information technology services.

5.     As Contract Administrator and Team Lead, Custom Software Procurement, I work at IBM's Silicon Valley business campus in San Jose, California, from which IBM conducts many business activities, including the administration of the contracts at issue in this case. I have personal knowledge of the negotiation of both contracts at issue in this matter, as well as many of the events at issue in this case.

6.     IBM licenses a database management product called DB2. RSI developed a product called Buffer Pool Tool, which DB2 licensees can use to help manage their IBM DB2 systems. In 1997, IBM and RSI entered into a series of agreements under which IBM could license the Buffer Pool Tool product to its customers as an optional feature for their DB2 software, and pay RSI royalties on those licenses. RSI retained the right to market its own RSI-branded Buffer Pool Tool. Employees in IBM's San Jose, California office have the primary responsibility for acquiring licensing rights to the software products that IBM incorporates into its DB2 system packages and for administering those licensing agreements, including the agreements with RSI.

7.     I am familiar with the underlying factual dispute between RSI and IBM and was involved in investigating the complaints and audit requests of Joel Goldstein, RSI's president, before RSI filed this lawsuit. I live in the San Jose,

California area. I do not live or maintain a home in Hawaii, nor do I regularly travel there.

8.    In addition to myself, I am aware of the following other individuals who are familiar with the underlying facts of this case:

a.    Joel Goldstein. Mr. Goldstein was the primary negotiator and RSI contact. He was also the primary RSI correspondent regarding requests for audits of royalty payments and complaints relating to plaintiff's allegations. I am informed and believe that Joel Goldstein resides in or around Morganville, New Jersey.

b.    Ivan Gelb. Mr. Gelb was RSI's designated auditor of IBM's royalty payments. I am informed and believe that Mr. Gelb resides in or around Marlboro, New Jersey.

c.    Tom Ramey. Mr. Ramey was Mr. Goldstein's primary contact at IBM after 2005 when he demanded royalty payment audits and threatened litigation. Mr. Ramey is also very familiar with IBM's investigation into Mr. Goldstein's complaints. I am informed and believe that Mr. Ramey resides in or around San Jose, California.

d.    Sarah Karger. Ms. Karger was a Business Executive for DB2 Tools at IBM. Ms. Karger was closely involved in the administration of the IBM-RSI relationship during 2002-2004 and in responding to plaintiff's audit-related

requests. I am informed and believe that Ms. Karger resides in or around San Jose, California.

9.      A true and correct copy of the IBM Developer Agreement, Agreement No. STL97041, dated June 23, 1997 between IBM and Responsive Systems Company is attached as Exhibit A to the concurrently-filed Request for Judicial Notice.

10.     A true and correct copy of the Description of Licensed Work, Agreement No. STL97041, DLW No. 001, dated June 23, 1997 between IBM and Responsive Systems Company is attached as Exhibit B to the concurrently-filed Request for Judicial Notice.

11.     A true and correct copy of the Statement of Work, Agreement No. STL97041, SOW No. 001, dated June 23, 1997 between IBM and Responsive Systems Company is attached as Exhibit C to the concurrently-filed Request for Judicial Notice.

12.     A true and correct copy of the Description of Licensed Work, Agreement No. STL97041, DLW No. 002, dated April 21, 1998 between IBM and Responsive Systems Company is attached as Exhibit D to the concurrently-filed Request for Judicial Notice.

13.     A true and correct copy of the Statement of Work, Agreement No. STL97041, SOW No. 002, dated April 21, 1998 between IBM and Responsive

Systems Company is attached as Exhibit E to the concurrently-filed Request for Judicial Notice.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

DATED:    San Jose, California, _____5/23/2008_____

_____
Michael J. Harris

KAWASHIMA LORUSSO & HARADA, LLP
   JAMES KAWASHIMA       #1145-0
   jkawashima@klhllp.com
   SHIRLEY M. KAWAMURA   #6978-0
   skawamura@klhllp.com
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Tel. No. 808-275-0300
Fax No. 808-275-0399

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   SHON MORGAN (appearing *pro hac vice*)
   shonmorgan@quinnemanuel.com
   SCOTT L. WATSON (appearing *pro hac vice*)
   scottwatson@quinnemanuel.com
   VALERIE RODDY (appearing *pro hac vice*)
   valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel. No. 213-443-3000
Fax No. 213-443-3100

Attorneys for Defendant
INTERNATIONAL BUSINESS
MACHINES CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20,<br>           Defendants. | **CIVIL NO. CV 08-00066 JMS/BMK**<br><br><br>**DECLARATION OF VALERIE RODDY** |

20502/2517995.1

## DECLARATION OF VALERIE RODDY

I, Valerie Roddy, declare as follows:

1.      I am an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for International Business Machines Corporation ("IBM"), a party in the above-entitled action.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      This Declaration is made in lieu of an affidavit pursuant to Local Rule 7.6, Rules of the United States District Court for the District of Hawaii, as amended.

3.      I make this Declaration in support of Defendant IBM's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a), filed concurrently herewith.

4.      Attached as Exhibit A hereto is a true and correct copy of a "Business Entity Status Report" on plaintiff RSI Corp., available from the New Jersey State Business Gateway Service Corporate and Business Information Reporting website at https://www.accessnet.state.nj.us/gatewaywatchnamesearch.asp, last accessed May 16, 2008.

5.      Attached as Exhibit B hereto is a true and correct copy of "Responsive Systems - The Company," a webpage available at http://www.responsivesystems .com/company.htm, last accessed May 16, 2008.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.

DATED:     Los Angeles, California, _May 25, 2008._____


_Valerie Roddy_____
Valerie Roddy

# EXHIBIT A

NJ Business Entity Status Reports



# New Jersey State Business Gateway Service
**Corporate and Business Information Reporting**

## Business Entity Status Report

**Printing Instructions:** Open your Browser's Page Setup menu and set your page margins to 0.25". Use your Browser's Print option to print the report as seen on screen.

**Saving Instructions:** Save this file to your hard drive for later viewing by using the Browser's "Save As" function. All available information is displayed.

---

**Status Report For: RSI CORP.**

| | |
|---|---|
| **Business Name:** RSI CORP. | **Report Date:** 05/16/2008 |
| **Business ID Number:** 0100141601 | **Transaction Number: Sequence:** 1307674: 1 |

**Business Type:** DOMESTIC PROFIT CORPORATION

**Status:** ACTIVE

| | |
|---|---|
| **Filing Date:** 06/03/1981 | **Home Jurisdiction:** NJ |
| **Status Change Date:** | **Stock Amount:** 100 |
| **DOR Suspension Start Date:** | **DOR Suspension End Date:** |
| **Tax Suspension Start Date:** | **Tax Suspension End Date:** |

**Annual Report Month:** 6
**Last Annual Report Filed:** 04/14/2008
**For Last Annual Report Paid Year:** 2008

**Incorporator:** JOEL S. GOLDSTEIN
**Agent:** JOEL GOLSTEIN
**Agent Address:** 281 RT 79

MORGANVILLE, NJ 07751

---

file://C:\Documents and Settings\valerieroddy\Desktop\NJ Business Entity Status Reports.htm

5/25/2008

NJ Business Entity Status Reports

**Office Address Status: Deliverable**

**Main Business Address: 281 RTE 79**

MORGANVILLE, NJ 07751

**Principal Business Address: 281 HWY 79**

MORGANVILLE, NJ 07751

**Associated Names**

Name:                                    **Type Description:**

**Officers/Directors/Members**

1) Title:      PRESIDENT

Name:      JOEL GOLDSTEIN

Address:   281 RT 79

MORGANVILLE, NJ 07751





Exit

\*\*If you would like to receive photocopies of documents filed by this business entity, mail your request to PO Box 450, Trenton, NJ 08625. Indicate the Business Entity Number(s) involved and the type of document you wish to have copies of. Your choices are listed below:

**CHARTER DOCUMENTS**

Original Certificate Only (For example, Certificate of Incorporation);

Changes and Amendments to the Original Certificate Only; **OR**

All Charter Documents (Original Certificate and Changes/Amendments)

And/or

**ANNUAL REPORTS**

Copy of Latest Annual Report; **OR**

Copy of Annual Report for a Specific Year(s) (List the Year Desired)

**The photocopy fee for all entities except limited liability companies is $1 per page. For limited liability companies, the fee is $10 for the first page and $2 per page thereafter.**

The total fee amount for your order will vary depending on the number of pages associated with each filed document you request. You may supply us with a check with a NOT TO EXCEED instruction to cover the costs. Make the check

file://C:\Documents and Settings\valerieroddy\Desktop\NJ Business Entity Status Reports.htm

5/25/2008

NJ Business Entity Status Reports

payable to the Treasurer, State of New Jersey. Alternately, you may pay by credit card (provide card#/expiration date and cardholder information) or depository account. Please include a self-addressed envelope with your order. If you have any questions or would like information on alternative service options such as over-the-counter expedited service, call 609-292-9292 (option 3 on the main menu and then option 8), weekdays, 8:30 a.m. to 4:30 p.m.

Privacy Policy

# EXHIBIT B

### Responsive Systems - The Company

**President and Principal Consultant**
Biography for Joel Goldstein

Full Resume for Joel Goldstein

**Responsive Systems** was founded by Joel Goldstein in December of 1980 to assist companies with the design and implementation of online business systems. Our services range from the evaluation and selection of micro, mini, and mainframe computers and software, through providing technical and management studies, and technical education. Over the years we have provided services to dozens of companies, both nationally and internationally, across all aspects of Information Systems and technology. The staff of Responsive Systems has presented at user groups, taught seminars, and consulted on six continents. Staff members and consulting associates are acknowledged experts in Dynamic SQL Cache, DB2, database, IBM, z390, zSeries, DB2 performance, MVS, CICS, Capacity Planning, Modeling, and both system and application performance Benchmark studies.

---

### Consultants:

- Abrar Bhatty
- Joe Frisbie
- David Goldstein
- Wallace Ferguson

### Sales:

- Doug Donath, Western
- Nancy Walton, Mid-West
- Nancy Mezzadri, East & South
- Helen Hubel, Canada
- Phyllis Akselrad

---

### Office:

- Kerry Frisbie, Office Manager

---

 **eMail Us with Your Questions or Comments** 

© Responsive Systems Company 1997-2008  All Rights Reserved.
281 Highway 79, Morganville, NJ 07751 USA
(732) 972-1261, (800) DB2-EXPErt, (732) 972-9416 FAX
Last modified: March 19, 2008 by Dr Bernie Domanski

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation, | CIVIL NO. CV 08-00066 JMS/BMK |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOE DEFENDANTS 1-20, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on the following by depositing same in the United States Mail, postage prepaid, addressed to the following last known address:

20502/2504444.8

ROBERT D. TRIANTOS
EDMUND W.K. HAITSUKA
CARLSMITH BALL LLP
75-1000 Henry Street, Suite 209
P.O. Box 1720
Kailua-Kona, HI  96745-1720

Attorneys for Plaintiff
RSI Corp.

DATED:  Honolulu, Hawaii, May 27, 2008.


_____

JAMES KAWASHIMA
SHIRLEY M. KAWAMURA
SHON MORGAN
SCOTT L. WATSON
VALERIE RODDY
Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION