UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation; and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 5:08-cv-3414 RMW (PVT)<br><br>XXXXXXXXXXX **STIPULATED PROTECTIVE ORDER**<br><br>Hon. Ronald M. Whyte<br><br>Complaint Date: February 15, 2008<br>Trial Date: None |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4,

below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another

Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

For purposes of this Stipulated Protective Order, Plaintiff RSI CORP. dba Responsive Systems Company ("RSI") objects to the need for this definition or the designation of a higher level of confidentiality "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" given the nature of the dispute and since the Parties do not anticipate "source code" will be exchanged. Notwithstanding, RSI enters into this Stipulated Protective Order in order to move the discovery process forward, but without waiver of its rights to contest the necessity for a higher level of confidentiality.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

02247.23302/3686865.1                          -2-                    Case No. 5:08-cv-3414 RMW (PVT)
                                                                      STIPULATED PROTECTIVE ORDER

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications

02247.23302/3686865.1                                          -3-                        Case No. 5:08-cv-3414 RMW (PVT)
STIPULATED PROTECTIVE ORDER

1  that qualify – so that other portions of the material, documents, items, or communications for
2  which protection is not warranted are not swept unjustifiably within the ambit of this Order.
3  　　　　Mass, indiscriminate, or routinized designations are prohibited. Designations that are
4  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
5  unnecessarily encumber or retard the case development process or to impose unnecessary
6  expenses and burdens on other parties) expose the Designating Party to sanctions.
7  　　　　If it comes to a Designating Party's attention that information or items that it designated
8  for protection do not qualify for protection at all or do not qualify for the level of protection
9  initially asserted, that Designating Party must promptly notify all other parties that it is
10 withdrawing the mistaken designation.
11 　　　　5.2　　<u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order
12 (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
13 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
14 designated before the material is disclosed or produced.
15 　　　　Designation in conformity with this Order requires:
16 　　　　(a)　　<u>for information in documentary form</u> (e.g., paper documents, but excluding
17 transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the
18 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to
19 each page that contains protected material. If only a portion or portions of the material on a page
20 qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
21 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level
22 of protection being asserted.
23 　　　　(b)　　for testimony given in deposition or in other pretrial or trial proceedings, that the
24 Designating Party identify on the record, before the close of the deposition, hearing, or other
25 proceeding, whether the deposition or other pretrial or trial proceeding contains protected
26 testimony and specify the level of protection being asserted, and that testimony shall be treated as
27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". When it
28 is impractical to identify separately each portion of testimony that is entitled to protection and it

1  appears that substantial portions of the testimony may qualify for protection, the Designating Party
2  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right
3  to have up to 30 days from the receipt of the deposition or hearing transcript to identify the
4  specific portions of the testimony as to which protection is sought and to specify the level of
5  protection being asserted. Only those portions of the testimony that are appropriately designated
6  for protection within the 30 day period following receipt of the transcript shall be covered by the
7  provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at
8  the deposition or hearing up to 30 days after receipt of the transcript if that period is properly
9  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
10 CONFIDENTIAL – ATTORNEYS' EYES ONLY." If at the time the testimony was taken, either
11 Party indicates that testimony contains protected material, then the testimony and/or transcript
12 (including but not limited to any informal or draft transcript as well as final transcript) shall be
13 treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
14 until the Designating Party has specified whether the material is "CONFIDENTIAL" or
15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the expiration of the 30-
16 day period for deisgnation, the transcript shall be treated only as actually designated.

17      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
18 other proceeding to include Protected Material so that the other parties can ensure that only
19 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
20 (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition
21 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
22 – ATTORNEYS' EYES ONLY."

23      Transcripts containing Protected Material shall have an obvious legend on the title page
24 that the transcript contains Protected Material, and the title page shall be followed by a list of all
25 pages (including line numbers as appropriate) that have been designated as Protected Material and
26 the level of protection being asserted by the Designating Party. The Designating Party shall inform
27 the court reporter of these requirements. Pages of transcribed deposition testimony or exhibits to
28

1  depositions that reveal Protected Material must be separately bound by the court reporter and may
2  not be disclosed to anyone except as permitted under this Stipulated Protective Order.

3        (c)    <u>for information produced in some form other than documentary and for any other
4  tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container
5  or containers in which the information or item is stored the legend "CONFIDENTIAL" or
6  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of
7  the information or item warrant protection, the Producing Party, to the extent practicable, shall
8  identify the protected portion(s) and specify the level of protection being asserted.

9        5.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to
10 designate qualified information or items does not, standing alone, waive the Designating Party's
11 right to secure protection under this Order for such material. Upon timely correction of a
12 designation, the Receiving Party must make reasonable efforts to assure that the material is treated
13 in accordance with the provisions of this Order.

14 **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15       6.1    <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of
16 confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
17 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
18 burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to
19 challenge a confidentiality designation by electing not to mount a challenge promptly after the
20 original designation is disclosed.

21       6.2    <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution
22 process by providing written notice of each designation it is challenging and describing the basis
23 for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
24 notice must recite that the challenge to confidentiality is being made in accordance with this
25 specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in
26 good faith and must begin the process by conferring directly (in voice to voice dialogue; other
27 forms of communication are not sufficient) within 30 days of the date of service of notice. In
28 conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 30 days of the Parties' conference regarding the designation.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 30 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1  (f) during their depositions, witnesses in the action to whom disclosure is reasonably
2  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
3  unless otherwise agreed by the Designating Party or ordered by the court.

4  (g) the author or recipient of a document containing the information or a custodian or
5  other person who otherwise possessed or knew the information.

6  7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
7  Information or Items. Unless otherwise ordered by the court or permitted in writing by the
8  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

10  (a) the Receiving Party's Outside Counsel of Record in this action, as well as
11  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
12  information for this litigation and who have signed the "Acknowledgment and Agreement to Be
13  Bound" that is attached hereto as Exhibit A;

14  (b) Designated House Counsel of the Receiving Party (1) who has no involvement in
15  competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,
16  (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to
17  whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];

18  (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for
19  this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
20  A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been
21  followed];

22  (d) the court and its personnel;

23  (e) court reporters and their staff, professional jury or trial consultants, and
24  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have
25  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

26  (f) the author or recipient of a document containing the information or a custodian or
27  other person who otherwise possessed or knew the information.

28

7.4     **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.**

(a)(1)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must advise the Designating Party of the names of Designated House Counsel.

(a)(2)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must advise the Designating Party that it intends to provide protected material to an Expert; provide the full name of the Expert and the city and state of his or her primary residence; and represent that the Expert is not a current officer, director or employee of a competitor of a Party or anticipated to be one.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 15 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 15 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

1  suggest any additional means that could be used to reduce that risk. In addition, any such motion
2  must be accompanied by a competent declaration describing the parties' efforts to resolve the
3  matter by agreement (i.e., the extent and the content of the meet and confer discussions) and
4  setting forth the reasons advanced by the Designating Party for its refusal to approve the
5  disclosure.

6  In any such proceeding, the Party opposing disclosure to Designated House Counsel or the
7  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail
8  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected
9  Material to its Designated House Counsel or Expert.

**8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1    12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party
2 or a court order secured after appropriate notice to all interested persons, a Party may not file in
3 the public record in this action any Protected Material. A Party that seeks to file under seal any
4 Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed
5 under seal pursuant to a court order authorizing the sealing of the specific Protected Material at
6 issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request
7 establishing that the Protected Material at issue is privileged, protectable as a trade secret, or
8 otherwise entitled to protection under the law. If a Receiving Party's request to file Protected
9 Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving
10 Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)
11 unless otherwise instructed by the court.

12   **13.    FINAL DISPOSITION**

13    Within 60 days after the final disposition of this action, as defined in paragraph 4, each
14 Receiving Party must return all Protected Material to the Producing Party or destroy such material.
15 As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
16 summaries, and any other format reproducing or capturing any of the Protected Material. Whether
17 the Protected Material is returned or destroyed, the Receiving Party must submit a written
18 certification to the Producing Party (and, if not the same person or entity, to the Designating Party)
19 by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected
20 Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained
21 any copies, abstracts, compilations, summaries or any other format reproducing or capturing any
22 of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival
23 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,
24 correspondence, deposition and trial exhibits, expert reports, attorney work product, and
25 consultant and expert work product, even if such materials contain Protected Material. Any such
26 archival copies that contain or constitute Protected Material remain subject to this Protective Order
27 as set forth in Section 4 (DURATION).
28

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: Sept. 16, 2010

_____
Forrest Booth
Ryan Donlon
Severson & Werson
Attorneys for Plaintiff

DATED: _____, 2010

_____
Shon Morgan
Scott Commerson
Quinn Emanuel Urquhart & Sullivan, LLP
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2010

_____
Judge Ronald M. Whyte
United States District Judge

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3  DATED: _____, 2010

4                                              _____
                                               Forrest Booth
5                                              Ryan Donlon
                                               Severson & Werson
6                                              Attorneys for Plaintiff

7  DATED: Sept. 17, 2010        /s/ Scott C_____
                                               _____
8                                              Shon Morgan
                                               Scott Commerson
9                                              Quinn Emanuel Urquhart & Sullivan, LLP
                                               Attorneys for Defendant
10

11  PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13  DATED: September 23, 2010    /s/ Patricia V. Trumbull

14                                              XXXXXXXXXXXXXXXXXX  U.S. Mag. Judge Patricia V. Trumbull
                                               XXXXXXXXXXXXXXXXXXXX

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on September --, 2010 in the case of *RSI CORP., dba RESPONSIVE SYSTEMS COMPANY v INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,* 5:08-cv-3414 RMW (PVT), pending in the United States District Court for the Northern District of California.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____