UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOES DEFENDANTS 1-20,<br><br>Defendants. | CASE NO. 5:08-cv-3414 RMW<br><br>**ORDER GRANTING RSI'S MOTION TO COMPEL INTERROGATORY RESPONSES** |

Plaintiff RSI moves to compel responses to its First Set of Interrogatories, which seek information related to the identities of Buffer Pool Tool ("BPT") licensees, revenue generated by BPT licensing, and BPT license cancellations. Defendant IBM responded to the interrogatories by referencing 145 separate documents, which are apparently summaries and spreadsheets purporting to contain responsive information. *See* Schultz Decl., Ex. A. For example, in response to Interrogatory No. 1—"Identify by name every third party to whom IBM shipped, provided or licensed any version of BPT software since 1997"—IBM stated: "The available information can be ascertained or derived from the spreadsheet with the Bates identifier IBM0005426 … and/or the spreadsheet with the Bates identifier IBM00054624…" *Id.* at 5.

RSI complains that the records referenced by IBM are either nonresponsive or too esoteric to be deciphered by any entity but IBM itself. RSI seeks an order compelling IBM to either

1

answer the interrogatories directly or state that it does not have the information requested.  IBM contends that: (1) its responses are appropriate under Fed. R. Civ. P. 33(d); (2) its responses are as complete as they can be given the manner in which the company manages its accounting systems; and (3) if RSI cannot understand the records, it should depose a 30(b)(6) witness familiar with IBM's accounting practices instead of seeking supplementation of its interrogatory responses.

      A party may respond to an interrogatory by referencing business records or abstracts only if the burden of deriving the answer to the interrogatory is substantially the same for the propounding party as the responding party.  *See* Fed. R. Civ. P. 33(d).  A requesting party claiming an inappropriate use of Rule 33(d) must "make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract."  Moore's Federal Practice - Civil § 33.105.  The burden then shifts to the producing party to show that: (1) a review of the documents will actually reveal answers to the interrogatories; and (2) the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served.  *Id.*  A responding party cannot "foist a mass of records on his interrogator when their deciphering is feasible only for one familiar with the records."  *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (citation omitted); *see also T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991) ("An important—often key—factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents.").  On the other hand, parties are "not under any obligation to [provide] more than they have in terms of discoverable materials."  *C.A. v. AMLI at Riverbend, L.P.*, 2009 WL 1605807, at *2 (S.D. Ind. 2009).

      Because neither party has submitted the records themselves, the court cannot resolve the competing claims regarding their responsiveness or clarity.  However, RSI offered a comprehensive, detailed declaration explaining why each response is deficient.  The declaration also shows why the records referenced are difficult or impossible for RSI to understand because, for instance, they do not contain key data fields or are replete with acronyms that only IBM can interpret.  Further, while the court agrees with IBM that a 30(b)(6) deposition may ultimately be

1 necessary to clarify or challenge its responses, RSI is entitled to use interrogatories in advance of any such deposition to obtain information which may lead to admissions. *See Woods v. Kraft Foods, Inc.*, No. 05-1587, 2006 WL 2724096, at *4 (E.D. Cal. Sept. 21, 2006) ("Interrogatory functions include obtaining evidence, information which may lead to evidence and admissions, and to narrow issues to be tried."). The court thus finds that RSI has satisfied its initial burden to show that IBM's use of Rule 33(d) is inadequate.

Conversely, IBM has not shown that the burden of deriving the answers to RSI's interrogatories is "substantially the same for the either party." Fed. R. Civ. P. 33(d). IBM emphasizes that it "has distinct legal entities operating in more than 170 countries," each with its "own accounting systems and entries," supporting RSI's contention that deciphering IBM's records is "feasible only for one familiar with the records." *Sadofsky*, 252 F.R.D. at 148. Indeed, IBM concedes that it required a "forensic accounting expert" to compile a spreadsheet correlating its own data. *See* Commerson Decl. ¶ 22. In addition, IBM insists that the documents it referenced are responsive to RSI's questions, implying that some individual(s) at the company confirmed that the information sought is contained in the records. If IBM already knows the answers to RSI's questions, it is far more efficient for IBM to provide those answers rather than requiring RSI to derive them for itself. *See* Moore's Federal Practice - Civil § 33.102 ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party.").

Accordingly, the court grants RSI's motion to compel. Within thirty days of the date of this order, IBM must either provide complete responses to RSI's interrogatories or "state under oath that [it] is unable to provide the information and set forth the efforts [it] used to obtain the information." *Wolk v. Green*, 2008 WL 298757, at *1 (N.D. Cal. 2008).[1]

It is so ordered.

---

[1] For example, where RSI's interrogatory states: "Identify the total number of MSUs that [each BPT licensee] originally had," *see* Interrogatory No. 7, IBM must respond by either: (1) listing the BPT licensees and number of MSUs, or (2) indicating that such information is not available.

3

1
2   DATED: July 30, 2012
3                                                          Ronald M. Whyte
                                                           United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28