UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOES DEFENDANTS 1-20,<br><br>            Defendants. | CASE NO. 5:08-cv-3414 RMW<br><br>**ORDER GRANTING IBM'S MOTION TO RETAIN CONFIDENTIALITY DESIGNATION** |

IBM moves to retain the attorneys' eyes only ("AEO") designation of a spreadsheet produced under a protective order containing the identities of and revenue generated by various Buffer Pool Analyzer ("BPA") licensees. RSI challenged the designation pursuant to the procedures detailed in the protective order on March 28, 2012.

Specifically, IBM seeks to avoid disclosure of the document to RSI's principal, Joel Goldstein, in order to prevent him from "target[ing] customers of IBM's competing buffer pool optimization product and undercut[ting] IBM on price." Dkt. No. 163 at 2. RSI responds that disclosure of the document is necessary to the prosecution of its state tort claims because only Mr. Goldstein and other RSI employees know to which entities RSI marketed BPT. RSI contends that showing a list of BPA customers to RSI employees might "jog" those employees' memories as to which prospective BPT customers were "poached" by IBM. Dkt. No. 156 at 15.

1  Under Fed. R. Civ. P. 26(c), the court may "requir[e] that a trade secret or other
2  confidential research, development, or commercial information not be revealed or be revealed only
3  is a specified way." The party seeking such a designation must show "good cause," requiring
4  proof that: (1) specific prejudice or harm will result if the document is made public; and (2) it has
5  made reasonable efforts to keep confidential documents a secret. *See Campo v. American*
6  *Corrective Counseling Services, Inc.*, No. 01-21151, 2008 WL 2811968, at *2 (N.D. Cal. July 21,
7  2008) (citations omitted).[1] Where trade secrets or other confidential commercial information is
8  involved, the court will balance the risk of disclosure to competitors against the risk that a
9  protective order will impair prosecution or defense of the claims. *Nutratech, Inc. v. Syntech Int'l,*
10 *Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007). "Disclosure may be ordered to opposing party's trial
11 attorney only (and not to the opposing party)." *Id.*

12  "Customer/supplier lists and sales and revenue information qualify as 'confidential
13 commercial information.'" *Id.* at 555 n. 4. Nonetheless, RSI argues that the document at issue is
14 not confidential because it is generally available to the public. This argument is unpersuasive; if it
15 were true, there would be no need for the present motion. Further, as IBM points out, while the
16 identities of DB2 customers may be publicly known, the subset of DB2 customers who have
17 licensed BPA is not. The court takes IBM at its word that it "does not disclose its [BPA] customer
18 list or revenue-by-customer information outside of IBM." Dkt. No. 163-2 (Mink Decl.) ¶ 5. IBM
19 has thus met its burden to show that the document is confidential.

20  IBM has also established that it would be prejudiced by disclosure. Courts routinely
21 prevent the disclosure of customer lists to the employees of direct competitors, particularly where
22 those employees are in charge of marketing or sales. *See Nutratech*, 242 F.R.D. at 555
23 ("Syntech's fear of competitive harm from the disclosure of its supplier and customer lists to the

---

[1] RSI argues that IBM must show "compelling reasons" for maintaining the AEO designation because the document at issue "will be relevant should this case proceed to trial or during the motion for summary judgment stage." Dkt. No. 156 at 7 n. 9. However, the Ninth Circuit has made clear that the "compelling reasons" standard applies only where discovery is attached to a dispositive motion. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Because the challenged document was produced pursuant to a protective order and has not yet been attached to *any* motion, the court finds that the "good cause" standard applies.

1 president and owner of Nutratech, rather than counsel, is legitimate."); *Asch/Grossbardt Inc. v.
2 Asher Jewelry Co., Inc.*, No. 01-5914, 2002 WL 31867716, at *1 (S.D.N.Y. Dec. 19, 2002). RSI
3 attempts to distinguish *Nutratech* and *Asch* on the grounds that those cases involved disclosure of
4 a competitor's "entire" customer list, rather than a subset of customers. However, this distinction
5 has little relevance here because the subset represents the target market for the parties' competitive
6 product—buffer pool tuning software. Further, unlike in *Medtronic*, on which RSI relies, IBM has
7 identified specific harm—RSI's ability to target IBM's customers and undercut IBM's prices—
8 that will ensue from disclosure. *Compare Medtronic Vascular, Inc. v. Abbott Cardiovascular
9 Systems, Inc.*, 2007 WL 4169628, at * 2 (N.D. Cal. 2007) ("Plaintiff's general assertion that
10 disclosure of business communications would chill business relations is not a sufficient allegation
11 of specific harm. This general blanket argument would apply to all non-public
12 communications.").

13 The issue thus turns on whether RSI's need for the protected information outweighs IBM's
14 need for protection. RSI focuses on its tortious interference claim, which will require it to show
15 an "economic relationship … containing the probability of future economic benefit." *Della Penna
16 v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 389 (Cal. 1995).[2]  Although it is possible that the
17 document at issue might help Mr. Goldstein recall prospective RSI customers with whom he
18 corresponded before they were allegedly "poached" by IBM, if he cannot remember such
19 interactions without looking at IBM's customer list, the court is dubious that the relationships
20 could be sufficiently substantial to support a tortious interference claim. Further, even if RSI
21 could show the "probability" of future economic benefit, there is little need for disclosure at this
22 stage in the litigation. The tortious interference claim is not yet the subject of a dispositive

---

[2] IBM's cites New York cases for the proposition that RSI must show interference with "existing" customer relationships, *see, e.g.*, *CA, Inc. v. Rocket Software, Inc*., 579 F. Supp. 2d 355, 369 (E.D.N.Y. 2008), arguing that RSI's counsel could simply compare a list of RSI's past customers with the protected list to determine if BPA customers were ever RSI's customers. This argument has merit if RSI's tortious interference claims are governed by New York law, rather than California law. However, although the court has decided to apply California's statute of limitations to RSI's tortious interference claims, it is unclear whether that compels application of California law when it comes to the substantive *elements* of such claims. As the choice of law question does not affect the outcome of the present dispute, the court does not address it here.

motion, Mr. Goldstein is not scheduled for a deposition at which he might be confronted with questions regarding which customers he feels IBM has stolen, and the action may still settle. Further, since the court has recently found that a substantial portion of RSI's tortious interference claims are time-barred, it appears that some of the information on the spreadsheet is no longer relevant. The court thus grants IBM's motion without prejudice.

It is so ordered.

DATED:  July 30, 2012

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge