UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RSI CORP., dba RESPONSIVE SYSTEMS COMPANY, a New Jersey corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION; and DOES DEFENDANTS 1-20,<br><br>            Defendants. | CASE NO. 5:08-cv-3414 RMW<br><br>**ORDER DENYING RSI'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Responsive Systems Co. ("RSI") moves for summary judgment of its trademark infringement claim against International Business Machines, Corp. ("IBM"). For the reasons stated below, the court denies RSI's motion.

**I. BACKGROUND**

Since 1985, IBM has sold a mainframe database product called IBM Database 2 ("DB2"), which large corporate clients use to manage complex information systems. DB2's back-end uses "buffer pools," groups of memory locations allocated for temporary storage, to retain data while it is transferred from a computer's hard disk to the database application. Dkt. No. 139-24 (Hubel Decl.) ¶ 6. In the early 1990s, RSI developed a software product called Buffer Pool Tool ("BPT") to "tune" DB2's buffer pools, improving their performance and efficiency. Hubel Decl. ¶ 6-8. RSI

filed a trademark application for the mark "Buffer Pool Tool" on July 6, 1999, claiming its first use of the term in commerce on February 1, 1994.  Dkt. No. 206 (Goldstein Decl.) ¶ 8, Ex. E.

In 1997, RSI and IBM entered into an agreement whereby RSI would license BPT to IBM.  IBM would market and license BPT to actual and potential IBM DB2 customers under the name "IBM DB2 Buffer Pool Tool" and RSI would receive royalty payments in exchange.  Goldstein Decl. ¶ 4, Ex. A.  The contract specifically permitted either party to "develop, acquire and market competitive items and services."  *Id*. at § 3.2.  However in 2001, IBM informed RSI that it would no longer "actively market" BPT to its DB2 customers as it had developed its own buffer pool product, the Buffer Pool Analyzer ("BPA").  Dkt. No. 135-4 (Mink Decl.) ¶ 12.  On December 4, 2001, IBM issued a "Software Withdrawal" letter to its DB2 customers noting that effective March 4, 2002, it would no longer market the DB2 Buffer Pool Tool.  *Id*. at ¶ 16.  The letter further indicated that the "DB2 Buffer Pool Tool" would be "replaced" by "DB2 Buffer Pool Analyzer for z/OS."  *Id.*

## II. PROCEDURAL HISTORY

RSI filed the instant action on February 15, 2008, alleging nine different state and federal causes of action.  *See* Dkt. No. 1.  Several rounds of successful motions to dismiss and amended complaints followed.  The Third Amended Complaint ("TAC") asserts causes of action for (1) breach of the audit provision and royalty provision of the developer agreement, (2) trademark infringement and false advertising under the Lanham Act, (3) interference with prospective economic advantage, and (4) unfair competition.  *See* Dkt. No. 82.  On May 11, 2012, IBM moved for summary judgment based in large part upon its assertion that RSI's claims were time barred.  *See* Dkt. Nos. 134, 135.  The court granted IBM's motion in part by its July 26, 2012 order but also granted RSI's motion for a continuance under Fed. R. Civ. P. 56(d) as to certain issues.  *See* Dkt. No. 184.  In finding that nearly all of RSI's claims were time barred, the court tentatively held that laches precluded an award of damages to RSI on its trademark infringement claims but stated it would consider a future request for injunctive relief enjoining IBM's use of the name Buffer Pool Analyzer.  *Id*.  The court further allowed RSI a ninety day continuance in which to

conduct discovery showing IBM had willfully infringed RSI's trademark, thus overcoming IBM's laches defense. *Id.*

### III. ANALYSIS

RSI seeks partial summary judgment and a finding by this court that IBM infringed its trademark when it used the BPT mark after it ceased actively marketing BPT to its customers. To this end, RSI depends heavily on this court's decision in *Sun Microsystems, Inc. v. Microsoft Corp.*, 999 F. Supp. 1301 (N.D. Cal. 1998). In *Sun*, this court issued a preliminary injunction enjoining defendant Microsoft, a former licensee of plaintiff Sun, from placing Sun's "JAVA Compatible" mark on products it released to customers. *Id.* at 1311. In discussing the likelihood of success prong of its preliminary injunction analysis, this court noted that Microsoft's use of Sun's mark was likely to confuse consumers into believing both that Sun approved of Microsoft's product and that Microsoft's product had met Sun's standards to bear its mark. *Id.* RSI places particular reliance on this court's statement in the *Sun* opinion that "Where a licensee persists in the unauthorized use of a licensor's trademark, courts have found that the continued use alone establishes a likelihood of consumer confusion." *Id.* (citations omitted).

The court finds *Sun* distinguishable from the facts presented here. First, unlike the parties in *Sun*, it is undisputed that RSI and IBM continue to have a contractual relationship as IBM services remaining customers who utilize BPT through IBM. Dkt. No. 214 (Goldstein Supp. Decl.) ¶ 8. There is thus an ongoing dispute as to what authorized use IBM may make of the BPT mark within its contractual obligations. *See Robert Trent Jones II, Inc. v. GFSI, Inc.*, 537 F. Supp. 2d 1061, 1066 (N.D. Cal. 2008) (finding *Sun* distinguishable when the parties' licensing agreement had not been terminated). Second, *Sun* was decided on a preliminary injunction finding only likelihood of success not "no genuine issue of material fact." Third, unlike the substantial evidence of unauthorized use in *Sun* where the court found that Microsoft's prominent display of the "JAVA Compatible" logo clearly implied approval of the software by Sun, *id.* at 1305-06, 11, the evidence supplied by RSI in support of its motion is subject to genuine disputes of material

1 facts as to the likelihood of confusion.[1]

2 The Ninth Circuit has directed courts to grant summary judgment regarding likelihood of
3 confusion sparingly and with caution. *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 901-
4 902 (9th Cir. 2002). The court finds no need to extend its ruling in *Sun* to the present case and
5 cannot agree that RSI has met its weighty burden to support summary judgment in its favor. For
6 the reasons discussed above, RSI's motion for partial summary judgment is denied.

7 It is so ordered.

DATED: October, 5 2012

_____
Ronald M. Whyte
United States District Judge

---

[1] RSI objects to substantial portions of the Declaration of Lisa Johnson submitted by IBM in support of its opposition. *See* Dkt. No. 215. The court did not substantively consider Ms. Johnson's declaration in making this ruling and therefore declines to pass judgment on RSI's objections at this point.

4